# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

N2 SELECT, LLC, et al., )
)
    Plaintiffs, )
)
v. )   No. 4:18-CV-00001-DGK
)
N2 GLOBAL SOLUTIONS, INC., et al., )
)
    Defendants. )

## ORDER DENYING PLAINTIFFS' MOTIONS FOR DEFAULT

This case involves an investment related dispute alleging of fraud, misrepresentation and breach of fiduciary duty. Now before the Court are Plaintiffs' motions for default against Defendants N2 Global Solutions, Inc., Paul Amelio, Carmine Amelio, and David Katz (Docs. 15-18). For the following reasons, the motions are denied.

### Discussion

Plaintiffs state that Defendants N2 Global Solutions, Inc., Paul Amelio, Carmine Amelio, and David Katz were served with the First Amended Complaint on March 7, 2018. Defendants, acting pro se,[1] did not file an answer to the complaint, but rather, on June 26, 2018, each filed motions to dismiss based on lack of jurisdiction, arguing in part, they were not properly served. *See* (Docs. 33-35).

A defendant must answer or otherwise respond within 21 days of being served with a complaint. Fed. R. Civ. P. 12(a)(1)(A). If a defendant fails to defend an action, the clerk of court must enter default. Fed. R. Civ. P. 55(a).

---

[1] N2 Global Solutions, Inc. filed its motion to dismiss as a pro se party, signed by Paul Amelio as the Chief Executive Officer. The Court recognizes a corporation may not proceed pro se. *Ackra Direct Mktg Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996). However, for purposes of this motion, the Court considers the motion as a response to Plaintiffs' amended complaint.

Assuming Defendants were properly served, their answer to Plaintiffs' amended complaint was due March 28, 2018. While generally this failure can trigger an entry of default, the Court finds it is not warranted in this case. First, Defendants are acting pro se, and so the Court is bound to construe their filings liberally. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Second, Defendants have responded, although untimely, to Plaintiffs' complaint with motions to dismiss. While filed late, the Court recognizes the preference for disposition of cases based on the merits and not procedural missteps. *Swink v. City of Pagedale*, 810 F.2d 791, 792, n.2 (8th Cir. 1987) (finding the moving party was not prejudiced by the district court's denial of a motion for default judgment because "[t]here is a strong public policy, supported by concepts of fundamental fairness, in favor of trial on the merits").

Accordingly, Plaintiffs' motions for default against Defendants N2 Global Solutions, Inc., Paul Amelio, Carmine Amelio, and David Katz are denied.

**IT IS SO ORDERED.**

Date: August 30, 2018                  /s/ Greg Kays
                                        GREG KAYS, CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT