# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| N2 SELECT, LLC, et al., | ) |
|     Plaintiffs, | ) |
| v. | )    No. 4:18-CV-00001-DGK |
| N2 GLOBAL SOLUTIONS, INC., et al., | ) |
|     Defendants. | ) |

## ORDER GRANTING DEFENDANT CARMINE AMELIO'S MOTION TO DISMISS

This case arises from an alleged scheme to defraud a group of investors. Plaintiffs, a limited liability company and eight individual investors based in Kansas City,[1] allege the Defendants, who are based in the New York area, engaged in fraud, misrepresentation, breach of fiduciary duty, and breach of contract by failing to disclose crucial information, embezzling from the company, and providing fraudulent documentation.

Now before the Court is pro se Defendant Carmine Amelio's ("Amelio") Motion to Dismiss (Doc. 34), which is almost identical to pro se Defendant David Katz's Motion to Dismiss (Doc. 33). Amelio, who is the brother of Defendant Paul Amelio,[2] moves to dismiss on three independent grounds: improper service of process, lack of personal jurisdiction, and failure to state a claim. The Court rules only on that portion of the motion concerning personal jurisdiction, because it is dispositive.

---

[1] The Plaintiffs are N2 Select, LLC ("N2 Select"), Kevin and Jeanette Prenger, Douglas and Terri Bleam, Darren and Shannon Prenger, and Joseph and Alena Prenger. N2 Select is a limited liability company created by some of the other Plaintiffs to facilitate investment in N2 Global.

[2] Paul Amelio is a co-founder of Defendant N2 Global Solutions, Inc. ("N2 Global").

Personal jurisdiction concerns "whether the controversy or the defendant has sufficient contracts, ties, or relationships with the forum to give the court the right to exercise judicial power over the defendant . . . ." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1351 (3d ed. 2004). Personal jurisdiction can be specific or general. *Viasystems, Inc. v. EBM-Pabst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011). Plaintiffs allege the Court possesses specific jurisdiction over Amelio and the other individual Defendants.

In a diversity case such as this one, personal jurisdiction exists only to the extent permitted by the forum state's "long-arm statute" and the Due Process Clause of the Fourteenth Amendment. *Myers v. Casino Queen, Inc.*, 689 F.3d 904, 909 (8th Cir. 2012); *see* Fed. R. Civ. P. 4(k)(1)(A). Missouri's long-arm statute authorizes personal jurisdiction over defendants who transact business, contract, or commit a tort within the state. *Viasystems,* 646 F.3d at 593; Mo. Rev. Stat. § 506.500. These categories are construed broadly, and the statute provides jurisdiction to the full extent permitted by the Due Process Clause. *Id*.

"[B]ecause the Missouri long-arm statute authorizes the exercise of jurisdiction over non-residents to the extent permissible under the due process clause," a federal court need only consider "whether the assertion of personal jurisdiction would violate" due process. *Aly v. Hanzada for Import & Export Co., LTD*, 864 F.3d 844, 849 (8th Cir. 2017) (quotations and citations omitted).[3] The court considers whether there is "sufficient minimum contacts between a defendant and the forum state so that jurisdiction over a defendant with such contacts may not offend traditional

---

[3] The Court recognizes that an Eighth Circuit decision has cautioned against collapsing these two inquiries into one because the Missouri Supreme Court analyzes these questions separately. *See Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 n.2 (8th Cir. 2011) (quoting *Bryant v. Smith Interior Design Grp*., 310 S.W.3d 227, 231 (Mo. 2010)). Subsequent Eighth Circuit decisions, however, have considered only whether the assertion of personal jurisdiction violates due process. *See*, *e.g.*, *Hanzada*, 864 F.3d at 849 (quoting *Eagle Tech. v. Expander Americas, Inc.*, 783 F.3d 1131, 1136 (8th Cir. 2015)).

2

notions of fair play and substantial justice." *Id.* (quotations and citations omitted). This decision is made by weighing five factors: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relationship of those contacts with the cause of action; (4) Missouri's interest in providing a forum for its residents; and (5) the convenience or inconvenience to the parties," with the court giving "significant weight" to the first three factors. *Id.*

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must plead sufficient facts to support a reasonable inference that the defendant is subject to jurisdiction within the state. *Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015). Once a motion has been filed, the parties may submit evidence, such as affidavits, to bolster their positions. *Id.* The plaintiff bears the burden of proof and must make a prima facie showing that personal jurisdiction exists. *Fastpath, Inc. v. Arbela Tech. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014). The plaintiff must establish personal jurisdiction by a preponderance of the evidence at trial or when the court holds an evidentiary hearing.[4] *Id.* Where, as here, the case is at the motion stage, the court may not dismiss for lack of personal jurisdiction if the evidence, viewed in the light most favorable to the plaintiff, is sufficient to support a conclusion that the exercise over the defendant is proper. *Id.*

In this case, the Court finds Plaintiffs have not carried their burden. Neither the Second Amended Complaint ("the Complaint")[5] (Doc. 52) nor the additional evidence Plaintiffs have

---

[4] A district court has considerable procedural leeway in choosing how to decide a Rule 12(b)(2) motion. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1351 (3d ed. 2004). The court may receive affidavits and other material to determine the jurisdictional facts; it may hold a hearing and hear oral testimony; it may defer ruling on the motion until the parties have had an opportunity to conduct discovery on the issue; or it may leave the fact issues for the jury to decide during a trial on the merits. *Id.*

[5] Although the Second Amended Complaint was filed after Defendants filed their motions to dismiss for lack of personal jurisdiction, it is in relevant part identical to the Amended Complaint (Doc. 3) in force at the time Defendants

placed in the record is sufficient to establish that the exercise of personal jurisdiction over Amelio is proper. The Second Amended Complaint alleges relatively few specifics with respect to Amelio. It claims he was secretly added to N2 Global's Board of Directors in 2015, and that in October of 2017, Defendants Paul Amelio and David Katz directed all future communications from Plaintiffs be routed to him. Second Am. Compl. ¶¶ 39, 60. When Plaintiffs demanded accountability for the spending of their investment, Amelio met with them in New York on November 12, 2017, introducing himself as the new CEO of N2 Global. *Id.* ¶ 61. During that meeting, Amelio did not address the misuse of Plaintiffs investment, but did brag that he had a great history of evading lawsuits. *Id*. It also alleges that from 2015 through 2017, Amelio and his brother Paul used Plaintiffs' investment to purchase a number of distressed real estate properties. While the Second Amended Complaint makes numerous boilerplate allegations that he and the other Defendants knew or should have known that false representations were made to Plaintiffs and that relevant information was not disclosed to them, none of these allegations relate specifically to Amelio or have any connection to Missouri.

Plaintiffs have failed to not place any evidence in the record demonstrating any link between Amelio and Missouri. In fact, Amelio is mentioned only once in passing in one affidavit submitted by Plaintiffs; it states that Amelio was named in a shareholder derivative action along with Paul Amelio, David Katz, Joe Daniels, and others. Decl. of Douglas L. Beam at ¶ 17 (Doc. 19-2). The affidavit makes no connection between Amelio and Missouri.

---

filed the motions. The Court uses the Second Amended Complaint to avoid re-briefing this issue. *See* the Lawyer Defendants Resp. to Show Cause Order (Doc. 47) ("The proposed second amended complaint does not materially change the allegations concerning the Lawyer Defendants, including with respect to personal jurisdiction issues. Consequently, if leave to file the second amended complaint is granted, the Lawyer Defendants respectfully ask that their pending motion to dismiss for lack of personal jurisdiction and accompanying memoranda and exhibits be deemed applicable to second amended complaint and ruled upon accordingly without the need for re-filing of the motion.").

Consequently, the five-factor test used to analyze personal jurisdiction tilts heavily towards finding that exercising personal jurisdiction over Amelio would violate due process. First, with respect to the nature and quality of his contacts, any contacts he had were minor and meaningless in the grand scheme of things. Certainly nothing he is alleged to have done was sufficient to put him on notice that he should "reasonably anticipate being haled into court" in Missouri. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *see Wessels, Arnold & Henderson v. Nat'l Med. Waste, Inc.*, 65 F.3d 1427, 1432 (8th Cir. 1995) (observing unilateral actions of a party claiming a relationship with a nonresident defendant does not create personal jurisdiction). Second, the number of contacts with Missouri is very small; based on this record, zero. Third, the relationship of these contacts to the causes of action against him is nonexistent. While he allegedly played a role in defrauded Plaintiffs, his role was played exclusively in New York. And specific jurisdiction is based on the defendant's contacts with the forum state itself, not the defendant's relationship with the plaintiffs.

The last two factors, Missouri's interest in providing a forum for its residents and the relative convenience to the parties, weigh in favor of personal jurisdiction. Missouri has a strong interest in preventing its citizens from being defrauded. And given the number of human parties who reside in Missouri, eight, versus the number of human parties who reside in the New York area, four, it is relatively more convenient for the parties to litigate this case in Missouri. These two factors, however, do not outweigh the first three factors, to which the Court attributes "significant weight."

In conclusion, the Court holds Plaintiffs have failed to carry their burden of making a prima facie showing that personal jurisdiction over Amelio exists.

**Conclusion**

For the reasons discussed above, Defendant Carmine Amelio's motion to dismiss (Doc. 34) is GRANTED. All claims against Carmine Amelio are DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date: February 15, 2019                        /s/ Greg Kays
                                               GREG KAYS, JUDGE
                                               UNITED STATES DISTRICT COURT