IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

N2 SELECT, LLC, et al., )
)
    Plaintiffs, )
)
v. ) No. 4:18-CV-00001-DGK
)
N2 GLOBAL SOLUTIONS, INC., et al., )
)
    Defendants. )

## ORDER DENYING DEFENDANT KATZ'S MOTION TO DISMISS

This case arises from an alleged scheme to defraud a group of investors. Plaintiffs, a limited liability company and eight individual investors based in Kansas City, Missouri,[1] allege the Defendants, who are based in the New York area, engaged in fraud, misrepresentation, breach of fiduciary duty, and breach of contract by failing to disclose crucial information, embezzling from the company, and providing fraudulent documentation.

Now before the Court is pro se Defendant David Katz's ("Katz") Motion to Dismiss (Doc. 33) and Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 65).[2] Katz, a co-founder of Defendant N2 Global Solutions, Inc. ("N2 Global"), moves to dismiss on three independent grounds: improper service of process, lack of personal jurisdiction, and failure to state a claim. These arguments are without merit, and Defendant's motions are DENIED.

---

[1] The Plaintiffs are N2 Select, LLC ("N2 Select"), Kevin and Jeanette Prenger, Douglas and Terri Bleam, Darren and Shannon Prenger, and Joseph and Alena Prenger. N2 Select is a limited liability company created by some of the other Plaintiffs to facilitate investment in N2 Global.

[2] Although the filing of the Second Amended Complaint (Doc. 52) moots Katz's initial Motion to Dismiss, to ensure Katz is fully heard, the Court has considered the arguments raised in the initial motion, but not clearly raised in the second motion, and applied them to the Second Amended Complaint.

I.      **Plaintiffs properly served Defendant.**

Plaintiffs hired a private process server who attempted to serve Katz at N2 Global's place of business, 160 East 89th Street, Apt. 4C, in New York City. According to the process server's affidavit, on March 6, 2018, at 10:10 a.m., he knocked on the apartment door and no one answered. The doorman told him someone would be in after 7:00 p.m., and so the process server returned at 7:30 p.m. and knocked on the door again. No one answered. After making reasonable efforts to find someone of who was legally eligible and willing to accept service, the process server affixed a copy of the summons, civil cover sheet, and complaint to the door. The next day he mailed the documents to Katz at the above address in a postpaid wrapper marked "personal & confidential" with no indication that the mailing regarded a legal matter. He sent the package via U.S. Postal Service first-class, regular mail.

Federal Rule of Civil Procedure 4(e)(1) provides that an individual "may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Since service was made in the state of New York, § 308 of New York's Civil Practice Law & Rules governs service of process. This rule provides that where, with due diligence, service cannot be made on a natural person, service may be made by affixing the summons to the door of the person's "actual place of business" and "by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend 'personal and confidential' and not indicating on the outside . . . that the communication is from an attorney or concerns" a lawsuit. This is precisely the procedure the process server followed, so service upon Katz was valid.

2

The Court is unpersuaded by Katz's argument that he was not properly served because he swears he did not live or reside at the apartment and he did not conduct business there in 2018.[3] Katz does not deny working at the address, that the address was his actual place of business, that the address is N2 Global's place of business, or that he is an N2 Global co-founder. Accordingly, the Court holds Plaintiffs have demonstrated service on Katz was proper.

**II.     The Court has personal jurisdiction over Defendant.**

Personal jurisdiction concerns "whether the controversy or the defendant has sufficient contracts, ties, or relationships with the forum to give the court the right to exercise judicial power over the defendant . . . ." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1351 (3d ed. 2004). Personal jurisdiction can be specific or general. *Viasystems, Inc. v. EBM-Pabst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011). Plaintiffs allege the Court possesses specific jurisdiction over Katz.

In a diversity case such as this one, personal jurisdiction exists only to the extent permitted by the forum state's "long-arm statute" and the Due Process Clause of the Fourteenth Amendment. *Myers v. Casino Queen, Inc.*, 689 F.3d 904, 909 (8th Cir. 2012); *see* Fed. R. Civ. P. 4(k)(1)(A). Missouri's long-arm statute authorizes personal jurisdiction over defendants who transact business, contract, or commit a tort within the state. *Viasystems,* 646 F.3d at 593; Mo. Rev. Stat. § 506.500. These categories are construed broadly, and the statute provides jurisdiction to the full extent permitted by the Due Process Clause. *Id*.

"[B]ecause the Missouri long-arm statute authorizes the exercise of jurisdiction over non-residents to the extent permissible under the due process clause," a federal court need only consider

---

[3] These arguments were made in his initial motion to dismiss and supported by an affidavit. In his second motion to dismiss, Katz also asserts he did not conduct business there in 2018, but this claim is not supported by an affidavit. Even if it were, it would not change the Court's holding.

"whether the assertion of personal jurisdiction would violate" due process. *Aly v. Hanzada for Import & Export Co., LTD*, 864 F.3d 844, 849 (8th Cir. 2017) (quotations and citations omitted).[4] The court considers whether there is "sufficient minimum contacts between a defendant and the forum state so that jurisdiction over a defendant with such contacts may not offend traditional notions of fair play and substantial justice." *Id*. (quotations and citations omitted).

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must plead sufficient facts to support a reasonable inference that the defendant is subject to jurisdiction within the state. *Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015). Once a motion has been filed, the parties may submit evidence, such as affidavits, to bolster their positions. *Id*. The plaintiff bears the burden of proof and must make a prima facie showing that personal jurisdiction exists. *Fastpath, Inc. v. Arbela Tech. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014). The plaintiff must establish personal jurisdiction by a preponderance of the evidence at trial or when the court holds an evidentiary hearing.[5] *Id*. Where, as here, the case is at the motion stage, the court may not dismiss for lack of personal jurisdiction if the evidence, viewed in the light most favorable to the plaintiff, is sufficient to support a conclusion that the exercise over the defendant is proper. *Id*.

---

[4] The Court recognizes that an Eighth Circuit decision has cautioned against collapsing these two inquiries into one because the Missouri Supreme Court analyzes these questions separately. *See Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 n.2 (8th Cir. 2011) (quoting *Bryant v. Smith Interior Design Grp.*, 310 S.W.3d 227, 231 (Mo. 2010)). Subsequent Eighth Circuit decisions, however, have considered only whether the assertion of personal jurisdiction violates due process. *See*, *e.g.*, *Hanzada*, 864 F.3d at 849 (quoting *Eagle Tech. v. Expander Americas, Inc.*, 783 F.3d 1131, 1136 (8th Cir. 2015)).

[5] A district court has considerable procedural leeway in choosing how to decide a Rule 12(b)(2) motion. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1351 (3d ed. 2004). The court may receive affidavits and other material to determine the jurisdictional facts; it may hold a hearing and hear oral testimony; it may defer ruling on the motion until the parties have had an opportunity to conduct discovery on the issue; or it may leave the fact issues for the jury to decide during a trial on the merits. *Id*.

In this case, after carefully reviewing the Second Amended Complaint ("the Complaint") (Doc. 52) and the evidence on the record, the Court finds Plaintiffs have established by a preponderance of the evidence that Katz has sufficient minimum contacts with Missouri for the Court to exercise personal jurisdiction over him. Although Katz denies conducting any business related to this suit in Missouri, Plaintiffs have placed more credible evidence in the record demonstrating that Katz repeatedly reached out to Missouri to commit the allegedly tortious conduct. Plaintiffs submitted affidavits detailing phone calls and emails between Katz in New York and Plaintiffs in Kansas City, some of which were initiated by Katz. Additionally, Plaintiffs submitted an affidavit from an attorney stating that he "attended several investor solicitation meetings presented by [Defendant Paul] Amelio and [Defendant David] Katz. *These presentations were all made in Kansas City, Missouri*." Decl. of Arthur E. Fillmore, II at ¶ 8 (Doc. 19-1) (emphasis added). Plaintiff Jeanette Prenger also swore under oath that in 2017, "the Defendants requested that I introduce them to investors in Kansas City," and she subsequently introduced them to various government officials in Missouri and a half-dozen executives in Kansas City who were potential investors. Decl. of Jeanette E. Prenger at ¶ 6 (Doc. 19-3). Katz's actual presence in Missouri to solicit investors, in combination with his communications sent into the forum, is sufficient to establish personal jurisdiction in Missouri. *See*, *e.g.*, *Bryant v. Smith Interior Design Grp, Inc.*, 310 S.W.3d 224, 235 (Mo. 2010) (holding defendant's actual presence in Missouri for initial negotiations and subsequent communications into the forum established personal jurisdiction).

The Court holds Plaintiffs have carried their burden of establishing personal jurisdiction.

**III.	The Complaint states a claim against Defendant.**

Finally, Katz moves to dismiss for failure to state a claim. Katz's entire argument is: "Plaintiffs have failed to identify any claims against the Defendant that have caused any damages to the Plaintiffs. Consequently, Defendant D. Katz should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6)." Mot. to Dismiss at 2.

A complaint may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.*

In reviewing the complaint, the court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009). The court generally ignores materials outside the pleadings but may consider materials that are part of the public record or materials that are necessarily embraced by the pleadings. *Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 (8th Cir. 2012).

The Second Amended Complaint brings claims against Katz for fraudulent misrepresentation and fraudulent inducement (Count Two), fraudulent concealment and fraudulent nondisclosure (Count Three), negligent misrepresentation (Count Four), and breach of fiduciary duty (Count Five).[6] Each claim explicitly alleges Plaintiffs suffered economic damages of "$600,000"—the amount allegedly invested in N2 Global—as well as an unspecified amount in

---

[6] The Court notes the allegations against Katz in the Second Amended Complaint are identical to those in the Amended Complaint (Doc. 3).

6

"additional economic damages, loss of goodwill and reputation, and other incidental and consequential damages." Second Am. Compl. ¶¶ 89, 98, 107, 114.  Hence, the Second Amended Complaint sufficiently pleads damages to state a claim on each count.[7]

## Conclusion

For the reasons discussed above, Defendant Katz's motions to dismiss (Docs. 33, 65) are DENIED.

**IT IS SO ORDERED.**

Date: February 19, 2019   /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT

---

[7] In fact, Katz's assertion that Plaintiffs failed to plead damages is so devoid of evidentiary support or legal merit that the Court sua sponte considered ordering him to show cause why he should not be sanctioned under Rule 11(b).