**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| N2 SELECT, LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-00001-DGK |
| | ) | |
| N2 GLOBAL SOLUTIONS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING PLAINTIFFS' RENEWED MOTIONS FOR DEFAULT**

This case arises from an alleged scheme to defraud a group of investors. Plaintiffs, a limited liability company and eight individual investors based in Kansas City, Missouri, allege the Defendants, who are based in the New York area, engaged in fraud, misrepresentation, breach of fiduciary duty, and breach of contract by failing to disclose crucial information, embezzling from the company, and providing fraudulent documentation.

Now before the Court are Plaintiffs' renewed motions for default against Defendants Paul Amelio and David Katz (Docs. 60-61). For the following reasons, the motions are DENIED.

**Background**

Pro se Defendants Paul Amelio and David Katz (collectively "Defendants") were served with the First Amended Complaint on March 7, 2018. Defendants did not file an answer or otherwise respond, and on May 29, 2018, Plaintiffs filed motions for default against them (Docs. 16, 18). On June 26, 2018, Defendants late-filed motions to dismiss raising various defenses. The Court subsequently denied the motions for default (Doc. 43), noting Defendants were representing themselves and had responded, albeit late, and that the law preferred disposition of cases based on the merits and not procedural missteps. *Swink v. City of Pagedale*, 810 F.2d 791, 792, n.2 (8th

Cir. 1987) (finding the moving party was not prejudiced by the district court's denial of a motion for default judgment because "[t]here is a strong public policy, supported by concepts of fundamental fairness, in favor of trial on the merits").

After two procedural "detours" in the case where the parties briefed issues concerning subject matter jurisdiction and the corporate Defendant N2 Global Solutions, Inc.'s failure to secure representation, Plaintiffs filed their Second Amended Complaint (Doc. 52) on December 10, 2018.

Defendant Paul Amelio filed a response of sorts on January 14, 2019. The Clerk of the Court deleted the response because it was incorrectly filed and instructed him to refile it, which he did not do until two weeks later.

On January 30, 2019, Plaintiffs filed the pending renewed motions for default. That same day, Defendant Paul Amelio filed a motion (Doc. 62) for leave to file a response out of time to the Second Amended Complaint, and he attached to it his second motion to dismiss. He also attempted to file a similar motion on Defendant Katz's behalf in an attachment (Doc. 62-1). On February 13, 2019, Defendant Katz filed a motion for leave to file out of time a response to the Second Amended Complaint (Doc. 67), and a motion to dismiss the Second Amended Complaint (Doc. 66).

## Discussion

As the Court previously noted, a defendant must answer or otherwise respond within 21 days of being served with a complaint. Fed. R. Civ. P. 12(a)(1)(A). While failure to answer can trigger default, *see* Fed. R. Civ. P. 55(a), the law prefers disposition of cases based on the merits and not procedural missteps. *Swink*, 810 F.2d at 792. In the present case, although Defendants have responded late, they have responded. Additionally, while Plaintiffs argue that this case has

been on file since January 2, 2018, and that any further delay will prejudice them, they are arguably responsible for some of the delay in this case,[1] and they have failed to articulate what this prejudice is. Accordingly, the Court denies Plaintiffs' renewed motions for default and grants Plaintiffs leave to late file their various motions to dismiss.

That said, given their history of repeatedly late-filing, the Court cautions Defendants that going forward it will not grant either of them leave to file anything out of time absent extraordinary circumstances that can be verified by the Court.[2]

**IT IS SO ORDERED.**

Date: February 21, 2019 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT

---

[1] For example, they failed to plead the citizenship of the members of Defendant McCarter & English, LLP, which led to a pause in the litigation while the Court determined whether it possessed subject matter jurisdiction to hear this case.

[2] Defendant Paul Amelio states the reason he failed to file a timely response to the Second Amended Complaint is that he is responsible for the care of his 94 year old mother and that she was repeatedly in and out of hospital and nursing homes throughout December and January. Then, after his mother was out of the hospital, he had to leave town to visit a relative who had suffered a stroke and then passed away.